84 F.3d 1453
 318 U.S.App.D.C. 79
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Gary DOWNS, also known as James A. Jackson, Appellant.
 No. 95-3069.
 United States Court of Appeals, District of Columbia Circuit.
 April 17, 1996.
 
 Before: SILBERMAN, ROGERS, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir. Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's sentence be affirmed. The district court did not commit clear error in finding that appellant's failure to testify about his previous participation in narcotics transactions did not satisfy the requirement for sentencing under 18 U.S.C. § 3553(f), that he provide the government with "all information and evidence" in his possession concerning offenses that were part of the same course of conduct. See United States v. Acosta-Olivas, 71 F.3d 375, 378 (10th Cir.1995) (defendant attempting to benefit from section 3553(f) reduction must "disclose everything he knows about his own actions and those of his co-conspirators."); cf. United States v. Lokey, 945 F.2d 825, 840 (5th Cir.1991) (drug transactions preceding defendant's arrest by five years properly included in determination of sentence, where part of same course of conduct). While appellant provided some truthful information about the instant offense, his testimony of limited involvement was contradicted by evidence demonstrating that he was an active participant in an organization that trafficked in narcotics since at least the late 1980s, possessed a car used by other members of the organization in drug deals, and orchestrated quite similar transactions.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41.