**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 13 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

GERARDO RAMIREZ-
SAMANIEGO,

        Defendant - Appellant.

No. 97-2352

(D. New Mexico)

(D.C. No. CR-97-291-JP)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this direct appeal, defendant Gerardo Ramirez-Samaniego ("Ramirez") challenges his sentence for a drug offense on the ground that the district court erred in failing to apply the "safety valve" provision of 18 U.S.C. § 3553(f). We affirm.

## BACKGROUND

In April 1997, Mr. Ramirez was stopped by the United States Border Patrol and found to be in possession of 2.5 pounds of cocaine. After being charged in a one-count indictment with possession with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Ramirez pled guilty.[1] The presentence investigation report ("PSR") stated that it appeared Ramirez would not qualify for application of 18 U.S.C. § 3553(f). At sentencing, the district court questioned this conclusion, and reset sentencing so that Ramirez could be debriefed by the government.

During the debriefing, Ramirez explained that while he was living in Mexico, two men from whom he had occasionally purchased cocaine asked him to transport a quantity of cocaine across the border to Albuquerque, New Mexico. Although he had previously refused to do so, this time Ramirez accepted and

---

[1]Ramirez pled guilty without having entered into a plea agreement with the United States. R. Vol. III at 13; Appellee's Br. at 2.

made plans to have one of the two drug dealers meet him when he arrived. Ramirez failed to provide the government with the full names of these men, however, as well as any indication of how to contact them or any specific information about where the drugs were supposed to be taken. R. Vol. II at 4.

After the debriefing, a second sentencing hearing was held. At that hearing, the Drug Enforcement Agency task force officer who had debriefed Ramirez testified that the government felt Ramirez was being untruthful because it is unlikely that the two drug dealers would have entrusted Ramirez with such valuable contraband without having given him more information.[2] Ramirez responded that the men had purposefully given him little information in an effort to shield themselves from arrest and prosecution, and asserted that under their plan, it was unnecessary for him to know how to contact them. Id. at 12-13.

Ultimately, the district court found that Ramirez did not qualify for relief under § 3553(f) because he had not "truthfully provided to the government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct of [sic] a common scheme or plan." Id. at 14.

---

[2]At sentencing, the task force officer who debriefed Ramirez testified that the cocaine found in Ramirez' possession was valued between $13,000 and $15,000. R. Vol. II at 13.

Therefore, Ramirez was sentenced to the statutory mandatory minimum of sixty months' imprisonment, followed by four years' supervised release.[3]

## DISCUSSION

"The district court's specific conclusion that the defendant is or is not eligible for relief under § 3553(f) is reviewed for clear error." United States v. Roman-Zarate, 115 F.3d 778, 784 (10th Cir. 1997). Ramirez bears the burden of proving by a preponderance of the evidence that he has met the criteria contained in § 3553(f). See United States v. Myers, 106 F.3d 936, 941 (10th Cir.), cert. denied, 117 S. Ct. 2446 (1997).

Section 3553(f) serves "as a 'safety valve' to permit courts to sentence less culpable defendants to sentences under the guidelines, instead of imposing mandatory minimum sentences," United States v. Acosta-Olivas, 71 F.3d 375, 378 (10th Cir. 1995), and provides that the district court shall impose a sentence pursuant to the sentencing guidelines, without regard to the statutory minimum, if the defendant meets five criteria. See 18 U.S.C. § 3553(f)(1)-(5); see also U.S.S.G. § 5C1.2 (adopting verbatim the language of § 3553(f)).

---

[3]Under the guidelines alone, Ramirez' sentencing range would have been 46-57 months. However, as the PSR correctly stated, "[p]ursuant to 5G1.1(b), where the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence of sixty (60) months shall be the guideline sentence." R. Vol. IV ¶ 47.

In this case, the government concedes that Ramirez meets the requirements of subparagraphs (1) - (4). Appellee's Br. at 7. The only issue, therefore, is whether he has satisfied the fifth requirement of § 3553(f), which requires that:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(5).

As indicated above, at sentencing, after considering the arguments just outlined, the district court found that Ramirez had failed to comply with the fifth requirement of § 3553(f). The district court stated:

> As a matter of common sense, this defendant should know more about the identity of [the two drug dealers] than he related to law enforcement. It stretches the imagination to believe that he just happens to bump into them on a regular basis . . ., resists their entreaties to transport cocaine and then finally agrees to do that without knowing more about them. I agree with [the government] that because of the value of the contraband with which he was entrusted it doesn't make sense that he is so lacking in knowledge of their identity.
> So it will be my finding that he has not satisfied 18 United States Code Section 3553(f)5 and therefore does not qualify for sentencing below the statutory mandatory sentence of 60 months.

R. Vol. II at 14-15.

The district court's conclusion that Ramirez failed to provide all the information likely to be in his possession is not clearly erroneous. See Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985); Bill's Coal Co. v. Board of Pub. Util., 887 F.2d 242, 244 (10th Cir. 1989). AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge