**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 15 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAURILIO CONTRERAS-
MURATALLA,

Defendant - Appellant.

No. 99-2087
(D. Ct. No. CR-98-775-SC)
(D. N. Mex.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, HOLLOWAY,** and **BRORBY**, Circuit Judges.

---

Defendant Maurilio Contreras-Muratalla appeals from the district court's

denial of his motion for a sentence reduction under 18 U.S.C. § 3553(f). We

exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and

affirm.

I.

Defendant entered a United States Border Patrol checkpoint near Las

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Cruces, New Mexico early on the morning of June 14, 1998. A Border Patrol agent observed that defendant appeared nervous while answering routine citizenship questions. The agent asked defendant who owned the vehicle he was driving. After a pause, defendant identified his cousin as the owner.

Because of defendant's demeanor during questioning, the agent referred him to secondary inspection. There defendant consented to a search of the vehicle. The search yielded 142.02 net kilograms (313 pounds) of marijuana valued at $250,000. Defendant was subsequently arrested.

After his arrest, defendant admitted to DEA agent Joe Willingham that he knew the car contained marijuana. He said that a man named "Jose Cortez" had furnished both the car and the contraband, and that he was to deliver the car to Los Angeles, California and receive $800 upon delivery.

Defendant waived indictment and pled guilty to possession with intent to distribute 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and to aiding and abetting in violation of 18 U.S.C. § 2. He met again with Willingham for a debriefing on January 13, 1999.

In the debriefing, defendant repeated his previous confession and added several details. He said that the courier transaction originated in a chance encounter with Cortez while defendant was in Juarez, Mexico to visit his hospitalized grandmother. Defendant said that Cortez suggested a means by

which defendant could earn money to pay for his grandmother's expenses. Cortez then arranged for defendant to transport the marijuana from El Paso, Texas to Los Angeles. Defendant stated that in addition to the $800 he was to receive upon delivery of the marijuana, he had been given $1000 in up-front expense money.

Defendant also said that he was to deliver the car at 6:00 a.m. to a McDonald's restaurant in Los Angeles, where two men in a brown pickup truck would utter a code name and retrieve the car. Defendant did not name the two men or provide any further information about Cortez; he claimed that he had no means of contacting these people if they did not find him. Willingham asked defendant to specify the precise address of the McDonald's, and defendant was unable to do so. Given the distance between Las Cruces, where the Border Patrol stopped defendant, and Los Angeles, Willingham advised defendant that he would not have been able to reach Los Angeles by 6:00 on the morning of June 14, 1998. Defendant replied that he had meant to say that he was to deliver the car at 6:00 a.m. on June 15, 1998. Willingham then noted that if that were true, defendant would have arrived in Los Angeles 12 hours early. Defendant responded that he was supposed to stay in a Los Angeles motel on June 14, and then deliver the marijuana at 6:00 a.m. on June 15.

After an evidentiary hearing, the district court sentenced defendant to the statutory minimum sixty months' imprisonment and four years' supervised

release. Defendant moved for a sentence reduction under 18 U.S.C. § 3553(f), and the court denied the motion.

## II.

We review the district court's specific conclusion that a defendant is not eligible for relief under § 3553(f) for clear error. United States v. Roman-Zarate, 115 F.3d 778, 784 (10th Cir. 1997). Section 3553(f) provides that a sentencing court

> shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission . . . without regard to any statutory minimum sentence, if the Court finds at sentencing . . . that . . .
>
> . . . .
>
> . . . not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(5). To qualify for a sentence reduction under this provision, a defendant must disclose "everything he knows about his own actions and those of his co-conspirators." Roman-Zarate, 115 F.3d at 784 (internal quotation marks and citation omitted); see also United States v. Myers, 106 F.3d 936, 941 (10th Cir. 1997) (noting that § 3553(f)(5) "is very broad, requiring disclosure of everything the defendant knows about his own actions and those who participated

- 4 -

in the crime with him").  For this reason, § 3553(f)(5) has been termed the "tell all you can tell" requirement.  United States v. Acosta-Olivas, 71 F.3d 375, 378-79 (10th Cir. 1995) (internal quotation marks and citation omitted).

The district court found that defendant had been less than complete and truthful in his interviews with the government.  Specifically, the court found that

> [Section 3553(f)] provides that the defendant must give a complete and truthful statement. . . . I find it very hard to believe that you have a chance encounter in a hospital . . . between two complete strangers, and out of that encounter a business transaction evolves . . . for the driving of a car . . . to an unidentified McDonald's someplace in Los Angeles.
>      Also, the fact that he carried a very valuable cargo with him and had no way to contact the owner or the person who had entrusted the cargo to him, that doesn't make a lot of sense to me. . . . [I]t casts doubt on believability.

Sentencing Tr. at 43.  The court concluded that defendant did not present sufficient evidence that he truthfully provided to the government all information and evidence he had concerning the offense.

Nothing in the record suggests that the court clearly erred in finding that defendant was not completely truthful.  The decision not to grant a reduction in defendant's sentence is AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

- 5 -