F I L E D
United States Court of Appeals
Tenth Circuit

MAR 4 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GIOVANNI MANCINNI-CANTU,
also known as Federico Ramazotti,

Defendant - Appellant.

No. 02-4068
(D.C. No. 2:00-CR-393-ST)
(D. Utah)

**ORDER AND JUDGMENT**

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

Defendant Giovanni Mancinni-Cantu pleaded guilty to one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 60 months' imprisonment, the mandatory minimum sentence. Defendant now appeals his sentence, arguing that the district court erred in refusing to grant him the benefits of the "safety valve" exception to mandatory minimum sentencing—despite his failure to fulfill the conditions of that exception—because he feared reprisals against his family if he cooperated with the government. We exercise jurisdiction under 18 U.S.C. § 3742 and affirm.

The safety valve statute, 18 U.S.C. § 3553(f), requires the district court to sentence a defendant according to the sentencing guidelines, rather than imposing the statutory mandatory minimum sentence, when five conditions have been satisfied. At issue here is the fifth condition:

> (5) not later than the time of the sentencing hearing, *the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan*, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(5) (emphasis added); *see also* USSG § 5C1.2(a)(5) (tracking the language of § 3553(f)(5)). Under the terms of Defendant's plea agreement, the government agreed that the safety valve exception would apply to his

sentence, provided Defendant complied with the exception's conditions. Prior to sentencing, the government informed the court that Defendant had refused to cooperate and had failed to disclose all he knew regarding his offense.

At his sentencing hearing, Defendant did not dispute that he had failed to provide the information required by the safety valve statute. Instead, he argued that he could not cooperate because he was fearful that his parents would be harmed if he assisted the government. The district court informed Defendant it had "no choice" but to sentence him to the mandatory 60 months unless he cooperated with the government. The court offered to postpone sentencing and allow Defendant another chance to cooperate. He declined the offer, and the court sentenced him to the mandatory minimum sentence.

"We review the district court's determination of a particular defendant's eligibility for relief under § 3553(f) for clear error. To the extent that [the] district court interpreted the 'scope and meaning' of 3553(f)(5), we review its legal interpretation de novo." *United States v. Gonzalez-Montoya*, 161 F.3d 643, 651 (10th Cir. 1998) (citations omitted). Our cases hold that § 3553(f)(5) "is very broad, requiring disclosure of everything the defendant knows about his own actions and those who participated in the crime with him." *United States v. Myers*, 106 F.3d 936, 941 (10th Cir. 1997); *see also United States v. Acosta-Olivas*, 71 F.3d 375, 379 (10th Cir. 1995) (noting that § 3553(f)(5) has been

-3-

termed the "tell all that you can tell" requirement).  We have previously declined to graft an exception onto the statute based on a defendant's failure to furnish information because he feared the consequences of his cooperation.  *See United States v. Roman-Zarate*, 115 F.3d 778, 785 (10th Cir. 1997).  We stated that if a defendant chooses not to cooperate with the government "because he suspects his colleagues-in-crime may be less than supportive of his decision, he is entitled to remain silent; but, he is no longer entitled to special treatment from the district court." *Id*.

Because he failed to cooperate with the government, Defendant was not eligible for a safety valve adjustment under 18 U.S.C. § 3553(f) and USSG § 5C1.2.  Accordingly, we **AFFIRM** the judgment of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge