**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 28, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JERRY CRAIG COLEMAN,

      Defendant - Appellant.

No. 05-5105

(D.C. No. 91-CR-158-HDC)

(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

In 1992, Defendant was convicted of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). He was then sentenced to 322 months'

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imprisonment for the two crimes.

In 2001, contending that the court engaged in double counting by enhancing his armed robbery sentence for both the "use of a firearm" and the "threat of death," Defendant moved to modify a term of his imprisonment under 18 U.S.C. § 3582(c). The district court denied Defendant's motion, and Defendant did not appeal that denial. Then, in 2005, Defendant filed a second motion to modify his sentence under § 3582(c), which the district court denied for lack of jurisdiction. He now appeals the district court's denial of that motion.

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." *United States v. Acosta-Olivas*, 71 F.3d 375, 377 (10th Cir. 1995). "We [also] review de novo the district court's legal determination that it possessed jurisdiction to modify Defendant's sentence." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

Under § 3582, a district court may only modify a sentence in three specific circumstances:

(1) It receives a motion from the Bureau of Prisons finding that special circumstances warrant a reduction and the requested reduction is consistent with the applicable policy statements issued by the Sentencing Commission;

(2) to the extent expressly permitted by statute or by Fed. R. Crim. P. 35; or

(3) a defendant has been sentenced based upon a sentencing range later lowered by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(2); *see United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

Defendant argues that his sentence was improperly enhanced under the United States Sentencing Guidelines for making an express threat of death because he was also convicted of violating 18 U.S.C. § 924(c). But Defendant's argument that the district court erred by enhancing his sentence on Count I to a total offense level of twenty-four is irrelevant. Defendant's total offense level was set at a thirty-four because of his status as a career criminal offender under U.S.S.G. § 4B1.1. Although the presentence report initially calculated Defendant's offense level at twenty-four for Count I by adding two levels for use of an express threat of death, that enhancement became moot and was not used once it was determined that the career offender provision of U.S.S.G. § 4B1.1 applied. Because the basis for Defendant's motion does not fall within one of the specific categories for relief authorized by § 3582(c), the district court was correct in concluding that it lacked jurisdiction to consider Defendant's motion. We therefore **AFFIRM** the district court's dismissal of Defendant's motion under § 3582(c) for a sentence reduction.

Entered for the Court

-3-

Monroe G. McKay
Circuit Judge