F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**April 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA

    Plaintiff-Appellee,

v.

JORGE LAZARO-BAEZ,

    Defendant-Appellant.

No. 05-1244

(D. Colorado)

(D.C. No. 04-CR-49-D)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.[**]

---

Jorge Lazaro-Baez pleaded guilty to one count of possessing more than 500 grams of a substance containing methamphetamine with the intent to distribute, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The district court sentenced him to 120 months' imprisonment. On appeal, Mr. Lazaro-Baez argues that the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

[**]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See FED. R. APP. P. 34(A)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

district court erred in refusing to impose a lesser sentence pursuant to the safety-valve provision of the United States Sentencing Guidelines, § USSG § 5C1.2. We disagree and therefore affirm Mr. Lazaro-Baez's sentence.

## I. BACKGROUND

On January 3, 2003, Mr. Lazaro-Baez was arrested in Mesa County, Colorado after law enforcement agents discovered approximately three pounds of methamphetamine in his car. During an interview on that same day, Mr. Lazaro-Baez told the agents that he had come to Mesa County to deliver the methamphetamine to a woman named Mary. He said that he had provided methamphetamine to Mary on two or three prior occasions. He further explained that on January 3rd, he had met with Mary but did not give her the methamphetamine because a man that he did not know had accompanied her. He told the agents that he did not know Mary's last name.

After a grand jury indicted him, Mr. Lazaro-Baez and the government entered into a plea agreement under which, in exchange for his guilty plea to the § 841 charge, the government agreed not to file other charges and to move for a three-level reduction in the offense level based upon an acceptance of responsibility. Mr. Lazaro-Baez agreed that "[i]f he [was] otherwise eligible for the 'Safety Valve' reduction, [he would] debrief [the government] in accordance

with its requirements." Rec. vol. I, doc. 50, at 2 (Plea Agreement and Statement of Facts Relevant to Sentencing, filed Oct. 26, 2004).

During the change of plea proceedings, the district court questioned Mr. Lazaro-Baez about the methamphetamine transaction. See Rec. vol. II, at 10-14. Mr. Lazaro-Baez reported that he had received a telephone call from a woman who had instructed him to pick up the methamphetamine near a gas station about ten miles from the location where he had been arrested, deliver it to Mary, and keep $500. He stated that he did not know the name of the woman, but she had told him that she was connected to man who had called Mr. Lazaro-Baez three years ago and who had recruited him to work as a drug courier. Mr. Lazaro-Baez told the court that he did not know the name of that man either.

The United States Probation Office filed a presentence report that provided the district court with additional information about Mr. Lazaro-Baez's post-arrest interview with law enforcement agents. According to the presentence report, Mr. Lazaro-Baez had "declined to identify the source of the methamphetamine seized from his vehicle and explained that he 'would rather do sixteen years in prison than be killed by people from the organization he worked for.'" Rec. vol. IV, at 4 ¶ 9.

Mr Lazaro-Baez then filed a motion seeking a reduction in his sentence pursuant to the § 5C1.2 safety-valve provision without any further debriefing of

the government. At sentencing, the court denied that request, concluding that Mr. Lazaro-Baez was not entitled to a reduction in his sentence:

> On the record before me, I find that the motion to apply the safety-valve reduction without requiring additional debriefing should be denied; and the reason is 5C1.2, at a minimum, requires that not later than the time of the sentencing hearing, the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. And the defendant simply hasn't done that. He made it affirmatively clear that there was certain information that he would not reveal about those in the organization with whom he was affiliated because he was fearful of his safety. And then when the Court pressed him at the change-of-plea hearing about the details of what actually happened, his answers were at best evasive, and they were not comprehensive and complete.

Rec. vol. III, at 11-12. The court sentenced Mr. Lazaro-Baez to 120 months' incarceration.

## II. DISCUSSION

Mr. Lazaro-Baez now argues the district court erred in refusing to grant him the safety-valve reduction. He maintains that he provided the government with all the information he knew about the methamphetamine distribution scheme in which he was involved. "We review for clear error the district court's decision that relief under § 5C1.2 is permissible, giving due deference to the district

court's application of the Sentencing Guidelines to the facts." <u>United States v.</u>

<u>Zavala-Rodriguez</u>, 379 F.3d 1182, 1184 (10th Cir. 2004).

USSG § 5C1.2 provides that:

> in the case of an offense under 21 U.S.C. § 841 . . . , the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below:
>
> (1) The defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category);
>
> (2) The defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) The offense did not result in death or serious bodily injury to any person;
>
> (4) The defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
>
> (5) <u>Not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the</u>

> information shall not preclude a determination by the court
> that the defendant has complied with this requirement.

(emphasis added)

Under § 5C1.2, the burden is on the defendant to prove that he is entitled to a sentence reduction. United States v. Salazar-Samaniega, 361 F.3d 1271, 1277 (10th Cir. 2004). Here, the government does not dispute that Mr. Lazaro-Baez has established the first four requirements set forth in the guideline. Thus, only subsection 5 is at issue.

As to that provision, we have held that the defendant must disclose "everything he knows about his own actions and those of his coconspirators." United States v. Acosta-Olivas, 71 F.3d 375, 378 (10th Cir. 1995). He must "provide information that is not merely truthful but also complete." Salazar-Samaniega, 361 F.3d at 1277. "We cannot see how absent highly unusual circumstances a defendant who fails to completely answer questions pertaining to the scheme in which he was involved can be found to have disclosed everything he knew about his own actions and those of his co-conspirators." Id.

Upon review of the record, we discern no clear error in the district court's decision. At the change of plea proceeding, the district court questioned Mr. Lazaro-Baez about the methamphetamine scheme. The court found at sentencing that Mr. Lazaro-Baez's answers were "at best evasive and they were not comprehensive and complete." Rec. vol. III, at 12. The record supports that

finding.  Mr. Lazaro-Baez's statements that he did not know the names of the people who asked him to deliver methamphetamine appear implausible. Moreover, the presentence report's account of Mr. Lazaro-Baez's interview with law enforcement agents permits the inference that he was withholding information.

## III.  CONCLUSION

Accordingly, we AFFIRM Mr. Lazaro-Baez's sentence.


Entered for the Court,


Robert H. Henry
United States Circuit Judge