**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4174**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONE MIRANDA RUFFIN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (1:05-cr-00173-WDQ)

Submitted:  October 13, 2006          Decided:  November 1, 2006

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Peter D. Ward, LAW OFFICE OF PETER D. WARD, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Antone Miranda Ruffin pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. § 846 (2000), and was sentenced to the mandatory minimum sentence of 120 months imprisonment. Ruffin appeals his sentence, contending that the district court erred in deciding that he did not meet the fifth criteria for a sentence below the statutory minimum under the safety valve provision. See U.S. Sentencing Guidelines Manual § 5C1.2(a)(5) (2005). We affirm.

Before he was sentenced, Ruffin was interviewed by a federal agent and a drug task force officer to provide information about individuals he knew who were involved in drug trafficking. At the sentencing hearing, the only issue in dispute was whether Ruffin qualified for sentencing under the safety valve provision of § 5C1.2, which permits a sentence below the mandatory minimum if the defendant meets five criteria. The fifth criteria is that, "not later than . . . the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." USSG § 5C1.2(5). The government asserted that Ruffin had not met the fifth criteria because the federal agent who interviewed Ruffin did not believe he had been entirely truthful.

Ruffin testified that he had answered all the agents' questions unreservedly. However, he admitted that he had not volunteered any information about several people with whom he had drug transactions, although he acknowledged his drug relationships with them when the agents asked about them specifically. Ruffin maintained that his dealings with these people were not part of the same course of conduct or a common scheme or plan as the charged conspiracy. The government argued that drug transactions that preceded the inception of the charged conspiracy were included in the same course of conduct, and also argued that Ruffin was not completely truthful because he did not tell the agents about Fats, a/k/a/ Les Queen, who was one of his customers during the time of the charged conspiracy, until the agents asked about him. The district court adopted the government's broad definition of the scope of information Ruffin was required to supply under § 5C1.2. However, the court noted that, even under the narrower definition urged by Ruffin, he had not satisfied the fifth requirement in § 5C1.2 because he had not been forthcoming about Fats. Therefore, the court decided that Ruffin was not eligible for a sentence below the mandatory minimum pursuant to § 5C1.2.

To qualify for a reduced sentence under § 5C1.2, a defendant must truthfully disclose to the government all information and evidence he has concerning the offense of conviction and all relevant conduct. See 18 U.S.C.A. § 3553(f)(5)

(West 2000 & Supp. 2006); USSG § 5C1.2(5). The defendant is obliged to reveal "all he knows concerning both his own involvement and that of any co-conspirators." United States v. Ivester, 75 F.3d 182, 184 (4th Cir. 1996) (citing United States v. Acosta-Olivas, 71 F.3d 375, 378 (10th Cir. 1995)). Ruffin correctly maintained that he need not disclose information about individuals completely unrelated to the charged conspiracy. However, the defendant has the burden of showing that he has affirmatively acted to supply truthful and relevant information to the government. Ivester, 75 F.3d at 185 (not sufficient that defendant is merely ready to disclose fully if government approaches him).

Here, the district court concluded that Ruffin withheld the information that Fats was one of his drug customers during the period of the conspiracy. Ruffin's failure to volunteer information about Fats amply supports the district court's conclusion that Ruffin had not been completely truthful in his interview and its decision to deny him the benefit of the safety valve provision. Therefore, we need not decide whether Ruffin's prior drug transactions with other individuals were part of the same course of conduct or common scheme or plan as the charged conspiracy.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED