UNITED STATES of America, Appellee,

v.

Joseph WRENN, Defendant, Appellant.

No. 94–2089.

United States Court of Appeals,
First Circuit.

Heard Sept. 11, 1995.

Sept. 25, 1995.

Robert L. Sheketoff, with whom Sheketoff & Homan, Boston, MA, was on brief, for appellant.

Dina Michael Chaitowitz, Assistant United States Attorney, with whom Donald K. Stern, United States Attorney, Boston, MA, was on brief, for the United States.

Before STAHL, Circuit Judge,
CAMPBELL, Senior Circuit Judge, and
LYNCH, Circuit Judge.

LYNCH, Circuit Judge.

After pleading guilty to both conspiring and attempting to possess with intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. § 846, the defendant Joseph Wrenn was sentenced to the statutory minimum of 10 years prescribed by 21 U.S.C. § 841(b)(1)(A)(ii). At issue here is the meaning of a provision in the Violent Crime Control and Law Enforcement Act of 1994 (the "Act"), 18 U.S.C. § 3553(f), which, in certain circumstances, gives the trial court authority to impose a sentence shorter than the otherwise mandatory minimum sentence.

Wrenn argues that the district court erred in finding he was not entitled under the Act to a reduction of the 10 year mandatory minimum sentence he received for his drug convictions. We reject Wrenn's contentions that he has complied with the Act's requirement that he "has truthfully provided to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan...." 18 U.S.C. § 3553(f)(5). He says he has done so, unintentionally to be sure, by unwittingly being recorded by an undercover agent while discussing his plans to distribute cocaine, conversations which became the source of the indictment against him. He also says he has done so by admitting the government's allegations in the context of pleading guilty to the charges against him. Believing Congress did not intend the topsy-turvy result suggested by Wrenn, we reject his arguments and affirm.

Section 3553(f) provides some relief from statutorily-imposed mandatory minimum sentences where the defendant demonstrates:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

The drug trade operated out of federal prisons provides the factual backdrop of this case. Wrenn's co-defendant, Joseph Burke, while incarcerated at the United States Penitentiary at Lewisburg, asked a fellow inmate if he could provide Wrenn with a large supply of cocaine, saying Wrenn was a cocaine distributor in Massachusetts. The other inmate became a cooperating witness and turned to the FBI, which, in turn, provided an undercover agent/cocaine supplier. The agent, the cooperating witness, Burke, and Wrenn met in the visiting area of the penitentiary. In that and another meeting, which were both tape-recorded, Wrenn described himself as a large-scale cocaine trafficker looking for a new source of supply. Wrenn said that he and Burke saw opportunities to expand their business because of recent federal indictments of individuals in Charlestown, Massachusetts.

It is those tape-recorded discussions—conducted before Wrenn actually made the buy and was arrested—which form the factual basis for his claim that he provided the government with all of the information concerning his criminal conduct contemplated by 18 U.S.C. § 3553(f)(5).

Wrenn presents the issue on appeal as concerning interpretation of the phrase "offense or offenses that were part of the same course of conduct or of a common plan or scheme" in subsection (f)(5), and contends that the phrase refers only to offenses charged in the indictment, as opposed to all criminal activity in which the defendant engaged. But there is, as the government urges, a threshold issue of whether "the defendant has truthfully *provided* to the Government all information and evidence the defendant has...." 18 U.S.C. § 3553(f)(5) (emphasis added). Review of this issue of statutory interpretation is plenary. *United States v. Holmquist,* 36 F.3d 154, 158 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1797, 131 L.Ed.2d 724 (1995).

Wrenn argues that he has "provided" such information, albeit inadvertently, in his taped conversations setting up the drug deal. He argues additionally that in admitting to the facts presented by the government in the guilty plea hearing, he again fulfilled the statute's requirements. To make him sit down with the government and say again what he has twice said before would, he argues, be nonsensical. But the interpretation Wrenn urges would lead to absurd consequences. Surely, Congress could not have intended that the very commission of a criminal offense, if recorded by a government agent, would protect a defendant from the mandatory minimum sentence for that crime. Nor could Congress have intended that entry of a guilty plea would provide such protection. As the Supreme Court has said, "We need not leave our common sense at the doorstep when we interpret a statute." *Price Waterhouse v. Hopkins,* 490 U.S. 228, 241, 109 S.Ct. 1775, 1786, 104 L.Ed.2d 268 (1989).

Whatever the scope of the "information and evidence" that a defendant must provide

to take advantage of section 3553(f)(5), we hold that a defendant has not "provided" to the government such information and evidence if the sole manner in which the claimed disclosure occurred was through conversations conducted in furtherance of the defendant's criminal conduct which happened to be tape-recorded by the government as part of its investigation. *Cf. United States v. Rodriguez*, 60 F.3d 193, 196 (5th Cir.1995) (provision of information to probation officer is not provision of information to the government for purposes of section 3553(f)(5)). Nor does it suffice for the defendant to accede to the government's allegations during colloquy with the court at the plea hearing. Section 3553(f)(5) contemplates an affirmative act of cooperation with the government no later than the time of the sentencing hearing. Here, Wrenn did not cooperate, as his counsel emphasized to the court at the sentencing hearing. And when the court offered to postpone sentencing so Wrenn could make a proffer to the government for purposes of section 3553(f)(5), he refused.

Even taking the defendant's argument on its own terms, we reject also the factual premise from which it proceeds. Wrenn did not provide the government with *all* of the information and evidence he had concerning the very crime to which he pleaded guilty. To give but one example, in his taped conversations he claimed to have numbers of reliable customers to whom he supplied cocaine, but he supplied nary a name to the government.

Finally, the government urges us to decide here the scope of the phrase "offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). We note that the Sentencing Commission amended the Guidelines to conform with the Act after sentence was imposed in this case. *See* U.S.S.G. § 5C1.2 (Nov.1994). Application note 3 to § 5C1.2 defines the phrase highlighted by the government to mean "the offense of conviction and all relevant conduct." U.S.S.G. § 5C1.2, comment. (n. 3). Apart from making this observation, we decline the government's invitation, believing the matter is better left to a case where a fuller resolution of the question is necessary.

The sentence is *affirmed*.