81 F.3d 1147
 317 U.S.App.D.C. 191
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Paula R. WASHINGTON, Appellant.
 No. 95-3081.
 United States Court of Appeals, District of Columbia Circuit.
 March 20, 1996.
 
 Before: EDWARDS, Chief Judge, SILBERMAN and GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R.36(b) (January 1, 1994). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the judgment of the District Court appealed from in this cause is hereby affirmed for the reasons set forth in the accompanying memorandum. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R.41(a)(1) (January 1, 1994). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant challenges her convictions for possession of marijuana and cocaine base, possession with intent to distribute cocaine base, and possession of unregistered ammunition, claiming that the district court improperly excluded a statement made by a person present at the time of arrest on the grounds of hearsay and evidence of another individual's prior conviction for distribution of crack cocaine under Federal Rule of Evidence 404(b). She also argues that the court erred in refusing to apply the Sentencing Guidelines "safety valve" provision, 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, which allows a court to sentence below the statutory mandatory minimum. We affirm.
 
 
 5
 Appellant was arrested during a search conducted pursuant to a warrant. She lived in one bedroom of the apartment; her bedroom door had a lock. When the police entered, she was in her bedroom with a small child and three adult males--her brother Tyrone Washington, Elihu Porter-el, and Antonio Speaks, all of whom were friends. There were a bag of marijuana on the floor, a box of crack cocaine under the bed, drug paraphernalia such as a scale, ziplock bags, and razor blades scattered throughout the room and closet, a gun under the mattress, ammunition in the dresser and the closet, a lock-box containing traces of cocaine, and three rocks of crack cocaine in appellant's back pocket.
 
 
 6
 At trial, appellant's defense was that the drugs belonged to Speaks and Porter-el, and that the drug paraphernalia, the gun, and the ammunition belonged to her ex-boyfriend who had moved out a few months before. She admitted the lock-box was hers, but said she had bought it from a "crackhead" to store personal items. The court refused to admit--as hearsay--the testimony of her brother that when the police arrived, Speaks said to Porter-el, "If you have anything on you, you better get rid of it." Speaks could not be located for trial, and Porter-el asserted his Fifth Amendment right not to testify. The court also excluded Porter-el's prior conviction under Rule 404(b) because the defense gave no notice it intended to introduce the conviction. The jury convicted appellant on the drug charges and three counts of possession of unregistered ammunition. At sentencing, the court refused to apply the safety valve provision, which allows the court to ignore the statutory mandatory minimum if the defendant meets five criteria, because appellant had not met one of the criterion, that she truthfully provide all relevant information to the government. Appellant had not supplied any information other than her testimony, which the jury had not credited, and some of her statements were contradicted by the evidence.
 
 
 7
 Appellant claims that the district court erroneously excluded Speaks' statement and Porter-el's prior conviction. The government concedes Speaks' statement--"If you have anything on you, you better get rid of it"--was not hearsay because it was not introduced to show the truth of the matter asserted. Although that is not totally clear to us, we presume here that its exclusion was error. It is also alleged that Porter-el's prior conviction should have been admissible under Rule 404(b) because it was relevant to his knowledge of and intent to possess the drugs in the room, i.e., it suggested he, not the defendant, committed the offenses charged. The government responds that excluding the conviction was appropriate because it was too remote in time, five years, and was not relevant to the defendant's state of mind but only a third party's. While we think it possible the evidence might have been admissible--since it made it more likely that Porter-el, rather than appellant, possessed the drugs, and since it presents no risk of prejudice to the defendant--we do not have to decide this "reverse 404(b)" issue because any error was harmless. See, e.g., United States v. Stevens, 935 F.2d 1380, 1401-02 (3d Cir.1991). Appellant asserts exclusion of the statement and conviction prejudiced her in her ability to present a defense, and that this evidence would have affected substantially the jury's decision. We agree with the government, however, that it is unlikely the evidence would have affected the jury's deliberations significantly since there was extensive evidence against appellant, much of which remained unexplained by her theory that Speaks or Porter-el possessed the drugs, and since joint possession by appellant was possible. Moreover, appellant was not precluded from presenting her theory of defense, which she did through other testimony and circumstantial evidence.
 
 
 8
 Appellant's final contention is that the district court abused its discretion when it refused to apply the Sentencing Guidelines "safety valve" provision. Her testimony, subject to cross-examination, is alleged to fulfill the requirement that prior to sentencing she "truthfully provide[ ] to the Government all information and evidence [she] has concerning the offense." U.S.S.G. § 5C1.2. We think the government is likely correct that the provision was intended to apply only to affirmative cooperation with the government, and that to apply it when a defendant merely testified, particularly where the jury necessarily discredited the testimony, would expand unduly the provision. Cf. United States v. Wrenn, 66 F.3d 1, 2-3 (1st Cir.1995) (admission of facts in guilty plea and existence of police tapes of the drug deal are insufficient to warrant application of the safety valve provision). Moreover, the sentencing judge here also determined that appellant apparently was not truthful about the gun and ammunition. However, we do not have to reach this issue. Government counsel noted at oral argument that even if defendant met the requirements for the safety valve provision, it would not affect her sentence. The judge sentenced appellant at the bottom of what he determined to be the applicable Guidelines sentencing range, which was not challenged, yet her sentence was above the statutory minimum. The judge was therefore not precluded by the statutory minimum from choosing a shorter sentence, so the safety valve provision is irrelevant. The district court's sentencing determination therefore is not clearly erroneous, and the judgment and sentence are
 
 
 9
 Affirmed.