**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DELFIN EDUARDO TORO-PELAEZ,

Defendant-Appellant.

No. 98-3259
(D.C. No. 98-3234-MLB)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Delfin Eduardo Toro-Pelaez appeals from the district court's order denying his motion to vacate, set aside or correct his sentence. See 28 U.S.C. § 2255. This matter comes before us on his motion for a certificate of appealability (COA). In order to receive a COA, appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this standard if he shows that his issues "are debatable among jurists, or that a court could resolve the issues differently, or that the questions deserve further proceedings." United States v. Sistrunk, 111 F.3d 91, 91 (10th Cir. 1997).

The underlying facts of this case may be found in our opinion on appellant's appeal from his conviction. See United States v. Toro-Pelaez, 107 F.3d 819 (10th Cir. 1997). Appellant was stopped while driving a vehicle containing 200 kilograms of cocaine in a false compartment. He was convicted of one count of unlawful possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and received a sentence of 235 months' incarceration.

In this appeal, appellant contends that his trial counsel was constitutionally ineffective in failing to raise certain issues at sentencing. "Whether a defendant received effective assistance of counsel is a mixed question of law and fact that we review de novo." United States v. Prows, 118 F.3d 686, 691 (10th Cir. 1997).

To establish ineffective assistance of counsel, a petitioner must show both that his counsel's performance was deficient, and that this deficient performance prejudiced him.   See Strickland v. Washington   , 466 U.S. 668, 687 (1984).  To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   Id. at 694.

1. **Minor participant**

Appellant contends that his counsel should have argued that he was entitled to a downward sentencing adjustment for being a "minor participant" in the offense.  See USSG § 3B1.2.  Had counsel made such an argument, appellant would have borne the burden of proving, by a preponderance of the evidence, that he was entitled to such a reduction.   See United States v. Gault   , 141 F.3d 1399, 1405 (10th Cir.),   cert. denied , 119 S. Ct. 253 (1998).  We agree with the district court that the evidence is insufficient to establish that appellant was "less culpable than most other participants" in the drug scheme.  USSG § 3B1.2, n.3. Further, appellant presents no new evidence in his habeas petition which would alter our analysis.

We previously supplemented the record with the transcript of appellant's trial, which we have reviewed in its entirety along with the sentencing transcript and the presentence investigation report.  The only evidence of any other

participant in appellant's illegal activity comes from appellant's testimony concerning a man named "Jorge."

Appellant testified that he met Jorge in a bar in Queens, New York. Jorge showed him a business card for a company called Transportation Express and told appellant that he could work for him driving a truck. They met several times in June through August of 1994. Jorge told appellant that he would drive a variety of trips for Jorge and would be paid upon delivery.

Jorge instructed appellant to move to Kansas City, Missouri and to buy a pickup truck with a long bed. Jorge would loan him the money to purchase the truck. Jorge loaned him $8,000 to cover the move to Kansas City and expenses and the cost of the truck.

There is no evidence that Jorge controlled appellant's movements once he arrived in Kansas City. During his stay there, appellant provided deceptive, false or misleading information to various individuals, including incorrect addresses, telephone numbers, social security numbers and employment information, which allowed him to obtain a mailing address in Kansas City, a Missouri driver's license and automobile insurance. Appellant purchased the truck, had it serviced and drove it to Los Angeles. He met Jorge there and delivered the truck to him. Jorge instructed him to fly back to New York, which he did.

-4-

Appellant says he spoke to Jorge a few times to find out what was happening with the truck. Jorge eventually called him back to Los Angeles in December 1994. He showed him the pickup truck, which had been modified with high side panels and a flat bed. Jorge told him to drive the truck back to Kansas City. Appellant drove the truck to Burlington, Colorado. He was stopped the next day by officers. He lied to them and told them he had been visiting a brother in Denver, that he had been in Denver a couple of days, and that he worked for his brother.

The evidence does not support appellant's contention that he was just a "mule" or "courier" in this scheme. He was not simply handed a package or the keys to a truck and asked to make a delivery. Cf. United States v. Harfst, 168 F.3d 398, 403-04 (10th Cir. 1999) (holding fact question existed concerning § 3B1.2 departure where defendant simply delivered a package); United States v. Soto, 132 F.3d 56, 57-59 (D.C. Cir. 1997) (same). Instead, he exercised considerable autonomy in establishing a Missouri address and obtaining identity documents using false information and in purchasing, repairing, insuring and delivering the vehicle which was used to transport the drugs. He also lied to officers who stopped him in the truck. On this record there is no evidence that appellant's participation in the scheme was a minor or less culpable one than Jorge's. Cf. United States v. Garcia, ___F.3d___, Nos. 98-2012, 98-2031,

1999 WL 459295, at *8 (10th Cir. July 7, 1999) (reversing district court's reduction for minor participation where defendant sold cocaine delivered to him by other participants). He was therefore not prejudiced by his attorney's failure to argue that he was a "minor participant" under § 3B1.2.

2. **"Safety valve" provision**

Appellant contends his attorney should have argued for application of the "safety valve" provision for first time drug offenders. See 18 U.S.C. § 3553(f). Section 3553(f) provides five mandatory criteria for application of the provision. The controversy here centers on the fifth criterion: "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." Id. § 3553(f)(5).

In order to be considered for safety valve consideration, the defendant must disclose "everything he knows about his own actions and those of his co-conspirators." United States v. Acosta-Olivas, 71 F.3d 375, 378 (10th Cir. 1995). "Section 3553(f)(5) contemplates an affirmative act of cooperation with the government." United States v. Wrenn, 66 F.3d 1, 3 (1st Cir. 1995). Appellant has consistently denied knowledge of or voluntary participation in the crime for which he stands convicted. A defendant must acknowledge responsibility for his

-6-

actions in order to qualify for application of the safety valve provision.    See, e.g. ,

United States v. Sabir  , 117 F.3d 750, 753-54 (3d Cir. 1997);    United States v.

Withers , 100 F.3d 1142, 1147 (4th Cir. 1996);    United States v. Arrington   , 73 F.3d

144, 149 (7th Cir. 1996);   but see  United States v. Shrestha   , 86 F.3d 935, 939-40

(9th Cir. 1996).  Appellant has not acknowledged responsibility for his actions

and therefore does not qualify for safety valve consideration.

Appellant argued in the district court that his attorney advised him not to

cooperate.  He does not renew that argument here.  Even if we were to consider

the argument, appellant has presented no additional information in his § 2255

motion about his role or the role of others, nor did he offer to do so.  Regardless

of what his attorney told him previously, then, he still has made no effort to

"come clean" or to show what information he would have presented to justify

a reduction.  He is therefore not entitled to consideration under the safety valve

provision.

3. **Coercion and duress**

Appellant contends his counsel should have argued for a departure pursuant

to USSG § 5K2.12 for coercion and duress.  This Guideline provides in pertinent

part that "[i]f the defendant committed the offense because of serious coercion,

blackmail or duress, under circumstances not amounting to a complete defense,

the court may decrease the sentence below the applicable guideline range."

Appellant argues that he qualified for this departure because he told the Kansas Highway patrolmen that he could not cooperate with a controlled delivery of the cocaine due to his fear that his family might be harmed.

This statement came after he had already committed the crime and been arrested. It concerned the consequences appellant feared if he completed a controlled delivery, leading to the arrest of his companions in crime. Appellant points to no evidence that he was under duress or coercion at the time he committed the offense. That is the relevant criterion for departure. See United States v. Gallegos, 129 F.3d 1140, 1145 (10th Cir. 1997).

4. **Aberrant behavior**

Appellant argues that his counsel failed to raise the issue of a downward departure for aberrant behavior pursuant to USSG § 5K2.0. The sentencing transcript reveals that counsel did argue for a downward departure based on aberrant behavior, which the district court denied.

It is possible that appellant means to challenge his counsel's failure to raise the issue on direct appeal. This challenge also must fail. Had the issue been argued on appeal, we would have lacked jurisdiction to review the district court's decision not to depart downward. See United States v. Woodlee, 136 F.3d 1399, 1409 (10th Cir.), cert. denied, 119 S. Ct. 107 (1998). Therefore, counsel was not ineffective for failing to raise the argument on appeal.

## 5.  Downward departure under USSG § 5H

Appellant argues that his attorney should have argued for a downward departure based on USSG § 5H.  Section 5H sets out departures for specific fact situations relating to a defendant, including age, education, mental and physical conditions, employment record, family ties, and various other characteristics.  Appellant does not specify which of these characteristics justified a departure in his case.  His argument does not establish ineffectiveness under the       Strickland test.

## 6.  Hearing under USSG § 6A1.3

Appellant contends that his attorney's ineffectiveness deprived him of a hearing on the above-mentioned sentencing factors.  Such a hearing is available where "any factor important to the sentencing determination is reasonably in dispute."  USSG § 6A1.3(a).  Appellant argues that holding a hearing and requiring the judge to make written findings pertaining to each of the disputed sentencing factors could have made a difference in the outcome.  He presents no argument to justify this claim.  As we have seen, his sentencing arguments are without merit.  For this reason, appellant fails to show prejudice under the Strickland  test.

7. **Habeas court's failure to review trial transcript or grant hearing**

Appellant argues that the district court erred in ruling on his § 2255 motion without reviewing the trial transcript and by failing to hold a hearing on his motion. The district court must hold a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. As the district court found, the motion, files and records of this case conclusively show that appellant is not entitled to relief. The district court therefore did not err in failing to hold a hearing.

We have reviewed the entire trial transcript, and find no error in the district court's factual findings. Appellant's motion for a COA is DENIED, and his appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Circuit Judge