UNITED STATES of America,
Plaintiff,

v.

Ignacio VENTURA–CRUEL,
Defendant.

Criminal No. 98–124(PG).

United States District Court,
D. Puerto Rico.

Jan. 21, 2001.

Aixa Maldonado–Quinones, U.S. Attorney's Office, District of Puerto Rico, Civil Division, Hato Rey, PR, for plaintiff.

Francisco Acevedo–Padilla, Acevedo Law Office, Hato Rey, PR, Juan R. Acevedo–Cruz, Hato Rey, PR, Neil M. Nameroff, Miami, FL, for defendant.

### *OPINION & ORDER*

PEREZ–GIMENEZ, District Judge.

At issue is Defendant Ignacio Ventura–Cruel's ("Defendant") allegations concerning the events that transpired following his plea agreement. (Dkts. 577 & 605) The Government responded to Defendant's allegations. (Dkt. 590)

### INTRODUCTION

On August 7, 2000, Defendant filed a Sentencing Memorandum of Law. In this motion Defendant alleged that his base offense level should be decreased by two levels under Sentencing Guideline Section 5C1.2 because (1) the prosecution failed to timely object to the Pre–Sentence Investigative Report ("PSI") within the confines of FED.R.CRIM.P. 32, (2) that in accepting the Government's version of facts he complied with the safety valve provision, 18 U.S.C. § 3553, (3) Defendant was not advised during the sentencing hearing exactly why he had not met the criteria under United States Sentencing Guideline ("U.S.S.G.") Section 5C1.2 and 18 U.S.C. § 3553(f)(1)–(5), and (4) the Government contends that Defendant was not completely truthful. As a result, Defendant argues that he is entitled to discovery as to the reasons why the Government believes

this to be the case prior any hearing on the matter.

## BACKGROUND

On February 7, 2000, Defendant plead guilty to a charge of conspiracy to possess with an intent to distribute in excess of 150 kilograms of cocaine. The Government and Defendant signed a plea agreement that same day. The only portion of the plea agreement at issue here is paragraph 4, whereby Defendant acknowledged that if the Court finds that he satisfies the criteria under the safety valve provision, 18 U.S.C. § 3553(f)(1)–(5) and U.S.S.G. § 5C1.2, the Court would impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence.

Paragraph 10c. of the plea agreement states that "In the event that the defendant qualifies for the 'safety valve' provisions of U.S.S.G. § 5C1.2 (including a determination by the Court that the defendant has provided truthful and complete information and evidence to the United States concerning the offense conduct), then the base offense level shall be reduced by an additional two (2) levels pursuant to U.S.S.G. § 2D1.1(b)(4)."

Defendant underwent an interview with agents involved in the investigation of the case, Special Agent ("S/A") Héctor Colón of the United States Customs Services and S/A José Román of the Drug Enforcement Administration, for the purpose of granting Defendant the opportunity to comply with subsection (5) of the safety valve provision.[1]

On June 12, 2000, a copy of the PSI was provided to the Government. The PSI echoed the plea agreement with regards to the safety valve provision. The applicable

portion of the PSI reads: "2 . . . In the event that the defendant qualifies for the 'Safety Valve' provisions of Guideline Section 5C1.2 (including a determination by the Court that the defendant has provided truthful and complete information and evidence to the United States concerning the offense conduct), then the base offense level shall be reduced by an additional two (2) [points] pursuant to Guideline Section 2D1.1(b)(4)."

The Court called this case for sentencing on June 23, 2000. At that time, the Government advised the Court that based upon the agents' knowledge of this case, as well as their participation in Defendant's debriefing, it was believed that Defendant had not complied with the fifth requisite. The Government indicated that it was ready to proceed with evidence to demonstrate Defendant's non-compliance. Defendant requested a continuance, which the Court granted.

## DISCUSSION

Defendant has presented four arguments for the Court to consider. The first two maybe dealt with summarily. For purposes of elucidation, the Court discusses each briefly before discussing Defendant's remaining arguments.

■■■ Defendant's first argument is that the Government has waived it's right to object to the PSI. The Court agrees. However, Defendant's emphasis on the importance of this fact is misplaced. The Court cannot rule on the safety valve provisions without first making its own independent determination as to whether Defendant had satisfied U.S.S.G. § 5C1.2. *See United States v. White*, 119 F.3d 70, 73 (1st Cir.1997); *United States v. Miranda–Santiago*, 96 F.3d 530 (1st Cir.1996); *United States v. Montañez*, 82 F.3d 520,

---

**1.** Subsection (5) states that: not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or a common scheme or plan, but the fact that the defendant has no relevant or useful other information shall not preclude a determination by the court that the defendant has complied with this requirement.

523 (1st Cir.1996). It is the Court, and not Defendant nor the Government, who must determine if the safety valve provisions apply.

■ FED.R.CRIMP. 32(b)(6)(B) states that the parties must object in writing to the PSI to the probation officer and each other within 14 days after receiving it. However, FED.R.CRIM.P. 32(b)(6)(D) states that "except for any unresolved objection under subdivision (b)(6)(B), the court *may,* at the hearing, accept the presentence report as its findings of fact." Furthermore, the Court retains the responsibility at all times to determine if a defendant satisfies the conditions of the safety valve provision. *See* 18 U .S.C. § 3553(e): ("the court shall have the authority. . . ." & (f): "the court shall impose a sentence ... if the court finds at sentencing, after the government has been afforded the opportunity to make a recommendation. . . ."). If a court is considering an upward departure from the PSI, good practice dictates that it should so notify the parties. *See Burns v. United States,* 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991) (a district court may not depart upward "on a ground not identified as a ground for upward *departure* either in the presentence report or in a pre-hearing submission by the Government" without first giving the parties reasonable notice). The First Circuit has gone further. In *United States v. Mangone,* 105 F.3d 29, 35 (1st Cir.1997), the Court held that the mere mention in the PSI of the conduct that is the basis for the *departure* is inadequate to meet the notice requirement. However, most courts have found that a court does not have to give notice of its intention to deny a reduction recommended in the PSI. *See, United States v. McLean,* 951 F.2d 1300, 1302–03 (D.C.Cir.1991) (since defendant bears burden of proving adjustment, defendant is on notice that downward adjustment may not be granted. Also, the PSI serves as advance notice that the court may grant such a reduction, but that the court remains free to deny the reduction.). In the event that a court does not provide notice, a hearing on the reduction will suffice. Defendant's first argument is therefore moot.

■ Defendant next argues that by agreeing to the Government's set of facts, he has satisfied the safety valve provisions. As the Court stated previously, and as the Court states later on in this opinion, the Court has the sole responsibility to determine whether Defendant satisfies the safety valve provisions. The parties *cannot* negotiate around the Court's duty. Defendant's second argument is rejected.

■ Defendant's remaining arguments are tied together and stem from the Government's assertion that Defendant did not satisfy safety valve provision subsection 5. Defendant argues that he should have been advised at the sentencing hearing exactly why he had not met the criteria under United States Sentencing Guideline ("U.S.S.G.") Section 5C.2 and 18 U.S.C. § 3553(f)(1)–(5). He also argues that he is entitled to discovery as to the reasons why the Government believes he has not satisfied the safety valve provisions prior any hearing on the matter. This is untenable argument. The Court explains.

"Congress enacted the safety valve provision, 18 U.S.C. § 3553(f), in order to mitigate the harsh effect of mandatory minimum sentences on certain first offenders who played supporting roles in drug-trafficking schemes. *See Miranda–Santiago,* 96 F.3d at 527 & n. 22 (citing H.R.Rep. No. 104–460, 2d Sess., at 4 (1994))." *United States v. Ortiz–Santiago,* 211 F.3d 146, 150 (1st Cir.2000).

The Sentencing Commission then incorporated the statutory text verbatim into the Sentencing Guidelines. *See* USSG § 5C1.2. When applicable, these provisions mandate both reduction of the defendant's offense level and judicial disregard of statutes imposing mandatory minimum sentences. The safety valve applies if

1. The defendant does not have more than 1 criminal history point . . .;

2. The defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

3. The offense did not result in death or serious bodily injury to any person;

4. The defendant was not an organizer, leader, manager, or supervisor of others in the offense ... and was not engaged in a continuing criminal enterprise ...;

5. And not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan....

18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2.

*United States v. Ortiz–Santiago,* 211 F.3d at 150–51.

■ Defendant bears the burden of showing his entitlement to a safety valve reduction. *See United States v. Cadavid,* 192 F.3d 230, 239 (1st Cir.1999); *United States v. Richardson,* 225 F.3d 46, 52(1st Cir.2000). Thus, the initial burden of proof "is incontestably on the defendant to demonstrate by a preponderance of evidence that he is eligible for the reduction." *United States v. Shrestha,* 86 F.3d 935, 939–40 (9th Cir.1996). *See also United States v. Montañez,* 82 F.3d at 523 (1st Cir.1996) ("It is up to the defendant to persuade the district court that he has 'truthfully provided' the required information and evidence to the government.").

■ The Court's determination is fact-specific, one which depends on credibility determinations. The Court must provide more than "bare conclusions" for support. "[A]bsent either specific factual findings or easily recognizable support in the record," the safety valve cannot be avoided. *United States v. Miranda–Santiago,* 96 F.3d 517, 528–30 (1st Cir.1996).

■ The safety valve provision requires an affirmative act by the defendant truthfully disclosing all the information he or she possesses that concerns his offense or related offenses. *See United States v. Adu,* 82 F.3d 119, 124 (6th Cir.1996). It is not sufficient for a defendant to "accede to the government's allegations." *United States v. Wrenn,* 66 F.3d 1, 3 (1st Cir. 1995). While it may be possible for a defendant to make a disclosure without a debriefing "so truthful and complete that no prosecutor could fairly suggest any gap or omission," such a decision "takes a very dangerous course." *United States v. Montañez,* 82 F.3d at 522–23. "It is up to the defendant to persuade the district court that he has 'truthfully provided' the required information and evidence to the government." *Id.*

■ The defendant need not make the disclosure in any particular way. *See United States v. Montañez,* 82 F.3d at 522; *United States v. Richardson,* 225 F.3d 46, 53. The defendant is only required to "truthfully provide all the information he possesses concerning the crime," *id.,* by way of "an affirmative act of cooperation with the government." *United States v. Wrenn,* 66 F.3d at 3.

■ The defendant must provide "all the information he possesses." Included in this definition is "all information" concerning the offense of conviction and the acts of others if the offense is a conspiracy or involves joint activity. *See United States v. Acosta–Olivas,* 71 F.3d 375, 377–79 (10th Cir.1995). The defendant not only must provide all the information he has regarding his own involvement in the crime, he also must provide all the information he has relating to other participants as well. *See id.* In this respect, the requirement to provide "all the information" is read broadly.

Defendant is not entitled to discovery prior to the safety valve hearing. To allow

Defendant this information beforehand would contradict the purpose and goal of the statute. If a defendant can discover what it is that the government believes him to be untruthful about prior to the sentencing hearing, he can simply furnish that information and thus satisfy subsection 5. At Defendant's upcoming safety valve hearing he will have the opportunity to prove that he satisfies subsection 5. It may very well be that after hearing all the evidence the Court sides with Defendant. But this cannot be determined until after the sides present their cases. Only at that time can the Court decide.

Defendant's motion is therefore **DENIED.**

**IT IS SO ORDERED.**