**UNITED STATES of America,**
**Plaintiff,**

v.

**Carlos OVALLES TORRES, Ilio**
**Matos, Defendants.**

**No. 98–124(PG).**

United States District Court,
D. Puerto Rico.

Aug. 30, 2001.

---

**22.** Plaintiffs attached a chart of the 412 com-    positions that fall into this category.

Luis A. Medina-Torres, San Juan, PR, for Francisco Pena-Pena.

Francisco Acevedo-Padilla, Acevedo Law Office, Hato Rey, PR, Juan R. Acevedo-Cruz, Hato Rey, PR, Neil M. Nameroff, Miami, FL, for Ignacio Ventura.

Luis R. Rivera-Rodriguez, Hato Rey, PR, for Ilio Matos, Carlos Antonio Ovalle-Torres.

### OPINION & ORDER

PEREZ–GIMENEZ, District Judge.

The Court held sentencing hearings for both Defendant Carlos Ovalles Torres and Defendant Ilio Matos to determine whether either defendant, separately, qualifies for the safety valve provision and thus a two point reduction. Ovalles hearing was held on September 14, 2000. Ilio Matos hearing was held August 14, 2000.

"Congress enacted the safety valve provision, 18 U.S.C. § 3553(f), in order to mitigate the harsh effect of mandatory minimum sentences on certain first offenders who played supporting roles in drug-trafficking schemes. *See Miranda–Santiago*, 96 F.3d at 527 & n. 22 (citing H.R.Rep. No. 104–460, 2d Sess., at 4 (1994))." *United States v. Ortiz–Santiago*, 211 F.3d 146, 150 (1st Cir.2000). *See also United States v. Ventura-Cruel*, 133 F.Supp.2d 138, 141–42 (D.P.R.2001) (J. Pérez–Giménez).

The Sentencing Commission then incorporated the statutory text verbatim into the Sentencing Guidelines. *See* USSG § 5C1.2. When applicable, these provisions mandate both reduction of the defendant's offense level and judicial disregard of statutes imposing mandatory minimum sentences. The safety valve applies if

1. The defendant does not have more than 1 criminal history point . . .;

2. The defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

3. The offense did not result in death or serious bodily injury to any person;

4. The defendant was not an organizer, leader, manager, or supervisor of others in the offense . . . and was not engaged in a continuing criminal enterprise . . .;

5. And not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. . . .

18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. *United States v. Ortiz–Santiago*, 211 F.3d at 150–51.

█ Defendant bears the burden of showing his entitlement to a safety valve reduction. *See United States v. Cadavid*, 192 F.3d 230, 239 (1st Cir.1999); *United States v. Richardson*, 225 F.3d 46, 53 (1st Cir.2000) (citing *See United States v. Cadavid*, 192 F.3d at 239). Thus, the initial burden of proof "is incontestably on the defendant to demonstrate by a preponderance of evidence that he is eligible for the reduction." *United States v. Shrestha*, 86 F.3d 935, 939–40 (9th Cir.1996). *See also United States v. Montañez*, 82 F.3d at 523 (1st Cir.1996) ("It is up to the defendant to persuade the district court that he has 'truthfully provided' the required information and evidence to the government.").

█ The Court's determination is fact-specific, one which depends on credibility determinations. The Court must provide more than "bare conclusions" for support. "[A]bsent either specific factual findings or easily recognizable support in the record," the safety valve cannot be avoided. *United States v. Miranda–Santiago*, 96 F.3d 517, 528–30 (1st Cir.1996).

■ The safety valve provision requires an affirmative act by the defendant truthfully disclosing all the information he or she possesses that concerns his offense or related offenses. *See United States v. Adu*, 82 F.3d 119, 124 (6th Cir.1996). It is not sufficient for a defendant to "accede to the government's allegations." *United States v. Wrenn*, 66 F.3d 1, 3 (1st Cir. 1995). While it may be possible for a defendant to make a disclosure without a debriefing "so truthful and complete that no prosecutor could fairly suggest any gap or omission," such a decision "takes a very dangerous course." *United States v. Montañez*, 82 F.3d at 522–23. "It is up to the defendant to persuade the district court that he has 'truthfully provided' the required information and evidence to the government." *Id.*

■ The defendant need not make the disclosure in any particular way. *See United States v. Montañez*, 82 F.3d at 522; *United States v. Richardson*, 225 F.3d at 53. The defendant is only required to "truthfully provide all the information he possesses concerning the crime," *id.*, by way of "an affirmative act of cooperation with the government." *United States v. Wrenn*, 66 F.3d at 3.

■ The fifth criteria requires that the defendant must provide "all the information he possesses." Included in this definition is "all information" concerning the offense of conviction and the acts of others if the offense is a conspiracy or involves joint activity. *See United States v. Acosta–Olivas*, 71 F.3d 375, 377–79 (10th Cir. 1995). The defendant not only must provide all the information he has regarding his own involvement in the crime, he also must provide all the information he has relating to other participants as well. *See id.* In this respect, the requirement to provide "all the information" is read broadly. *See United States v. Ventura Cruel*, 133 F.Supp.2d at 142.

Defendants have not met their burdens. Defendants have not "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan."

■ Defendant Ilio Matos is not entitled to the safety valve reduction because he did not truthfully provide all information and evidence. Matos' attorney repeatedly asserted that his client may have omitted information but only because the government failed to specifically question him to elicit that information. What follows is taken verbatim from the sentencing hearing:

> THE COURT: But counsel, I think we are putting the statute on its head. The statute says that the defendant has to come forth and truthfully testify as to everything he knows. Now, if he is going to sit back and say "Well, they didn't ask me that," then that is not what the statute requires. The statute requires an affirmative step on his part to come in and say, "I want to be debriefed because I want to tell you everything that I know". It is not "oh you asked me this, no they didn't ask me about that individual or they didn't ask me about that load". Yes, but you knew about it. "Oh, of course I knew about it". Remember that this is a statute that was passed by Congress to afford an opportunity to those individuals that were first time offenders basically, that were in the lower rung of a drug ladder distribution and to offer them an opportunity not to have to face a minimum, a mandatory minimum. It's not for them to sit back and say, "Well, I know this, oh yes, I know that, I know

that individual, this, this. Is that it? That's all you asked me." And now come the day of sentence and say, "Of course I complied with the criteria. Oh, but judge, they didn't ask me about this, they didn't ask me about that". But, did you know about it? "Of course I knew about it". Well, it is your duty; the affirmative steps have to be taken by the defendant if he wants to have an opportunity to qualify for that.

Ilio Matos Sentencing Hearing, pp. 13–13 (August 14, 2000). Special Agent José Roman testified that Matos was not entirely truthful (e.g., calls made from phones subscribed by Ovalles to Matos, though he had specifically denied speaking with Co-defendant Ignacio Ventura after he was granted bail telephone recordings evidence that the two did in fact speak with each other on a number of occasions, a stash of cocaine in the dogs islands, and Matos denial that Ventura recommended him as the vessel provider to Juan Carlos Pion). Special Agent Hector Colon's testimony sums it up nicely.

> MR. COLON: It is my opinion that during the safety valve debriefing Mr. Matos was being truthful, portraying himself as the victim in this case throughout the safety valve debriefing.

> AUSA MS. MALDONADO: And throughout your knowledge of this investigation as well as during the debriefings that have taken place thereafter, do you still believe that Mr. Ilio Matos was truthful with the government?

> MR. COLON: He was truthful to the information that he was providing. I believe the information was limited. We had to basically ask questions. He really wasn't—he was forthcoming to a certain point but not providing all the information we believed he had knowledge of.

Sentencing Hearing of Ilio Matos, pp. 83–84. Agent Colon went on to say that Matos had "provided new information" at the sentencing hearing.

Defendant Carlos Ovalles Torres also does not qualify for the safety valve reduction. As with Matos, Ovalles asserts that because no one asked him, he did not have to say anything and is still entitled to the safety valve reduction. The Court's previous discussion above is adopted in toto here.

█ Agent Roman's testimony contradicted Ovalles assertion that Ovalles met with Juan Carlos Pion on or around January of 1998. Sentencing Hearing of Carlos Ovalles Torres, p. 83. Agent Roman also testified that Ovalles failed to identify an individual in a photograph shown to Ovalles (Victor Alexis). He also failed to tell the agent that Ilio Matos was at the meeting in El Grande Restaurant or identify him in a photograph shown to Ovalles by Agent Roman. Also, Ovalles failed to tell the agent that he participated in a narcotics load in January of 1998. The following interchange sums up Ovalles safety valve situation nicely.

> MR. RIVERA (Attorney for Ovalles): Sir, do we agree that [Ovalles] provided a lot of information today that he did not provide at that [sic] time of the debriefing? Would you agree with that?

> ROMAN: He provided additional information that he didn't provide at the debriefing. However, the information he provided today, some of it, is inaccurate.

Sentencing Hearing for Ovalles, p. 101. A little later on, Agent Roman added this: "So therefore, two persons that didn't know each other stated the same facts and the only person that stated something contradicting was [Ovalles]." *Id.* at 103. And again, later:

MR. RIVERA: Sir, what would be the importance of Pion being in Puerto Rico versus being in the Dominican Republic?

ROMAN: The importance is that [Ovalles] just contradicted himself on the stand under oath. That is the importance of that.

Sentencing Hearing for Ovalles, at 109. These are just several of numerous examples.

The Court made it clear to both Ovalles and Matos that it was their burden, not the government's, to tell everything they knew.

THEREFORE, neither Defendant Ilio Matos nor Defendant Carols Ovalles Torres is eligible for the safety valve reduction because they failed in their burdens under criteria five (5).

**IT IS SO ORDERED.**