# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 22, 2021

Lyle W. Cayce
Clerk

No. 20-60007
Summary Calendar

Juan Carlos Sanchez-Hernandez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 479 984

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Juan Carlos Sanchez-Hernandez, a native and citizen of El Salvador, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal without opinion from the denial by an Immigration Judge (IJ) of his motion to reopen. He contends that he did not receive notice

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60007

of his removal hearing, and thus he argues that the IJ abused its discretion by denying his request to rescind its in absentia removal order. We review the denial of a motion to reopen under a highly deferential abuse-of-discretion standard. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).

As an initial matter, we must consider whether we have jurisdiction, sua sponte if necessary. *See Sattani v. Holder*, 749 F.3d 368, 370 (5th Cir. 2014); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Sanchez-Hernandez contends that the BIA did not apply the correct standard of review. Generally, a motion for reconsideration is not required to satisfy the exhaustion requirements of § 1252(d). *Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009). However, "allegations of BIA error must first be brought to the BIA in a motion for reconsideration" to be considered exhausted. *Id.* If the petitioner challenges the BIA's resolution of an issue previously raised before the BIA, he need not file a motion for reconsideration. *Id.* On the other hand, "where the BIA's decision itself results in a new issue," such as an issue regarding the BIA's "act of decisionmaking," and where "the BIA has an available and adequate means for addressing that issue, a party must first bring it to the BIA's attention through a motion for reconsideration." *Id.* Moreover, we lack jurisdiction to review the IJ's decision whether to exercise his sua sponte authority to reopen removal proceedings because no meaningful standard exists by which to judge that decision. *See Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206-07 & n.3 (5th Cir. 2017).

Further, the IJ did not abuse its discretion by denying the motion to reopen where the evidence showed that Sanchez-Hernandez failed to provide an address where he could "be contacted respecting [removal] proceedings." 8 U.S.C. § 1229(a)(1)(F)(i); *see* § 1229(a)(2)(B); 8 U.S.C. § 1229a(b)(5)(B); *Zhao*, 404 F.3d at 303. Sanchez-Hernandez's due process claim fails because he did not provide the immigration court with an address at which he could be served with notice of the hearing. *United States v. Estrada-Trochez*, 66 F.3d

No. 20-60007

733, 736 (5th Cir. 1995). To the extent that he argues that the notice to appear was defective because it did not include the date and time of the hearing, Sanchez-Hernandez's argument is foreclosed by *Pierre-Paul v. Barr*, 930 F.3d 684, 688-90 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2718 (2020).

Accordingly, Sanchez-Hernandez's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.