**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OTEI ESCAMILLA-CAZARES,

Defendant-Appellant.

No. 97-1321

(D. Colorado)

(D.C. No. 96-CR-466-B)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Otei Escamilla-Cazares pled guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii). Because the quantity of cocaine involved was one kilogram, Mr. Escamilla-Cazares was subject to a minimum mandatory sentence of 60 months. He sought application of the "safety valve" provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 to permit a sentence below the statutory minimum. The district court ultimately declined to apply § 3553(f) and sentenced Mr. Escamilla-Cazares to 60 months. Mr. Escamilla-Cazares appeals his sentence.

## BACKGROUND

Mr. Escamilla-Cazares was arrested on November 14, 1996, following a tip by a confidential informant that someone matching Mr. Escamilla-Cazares' description would be delivering a kilogram of cocaine to someone else at a particular parking lot in Denver. He was given a Miranda warning, and indicated he wished to cooperate with authorities. He stated that the cocaine was provided by a person named Pini, whose real name was Ceferino Castillo-Garcia and who was known to the government because he was a defendant in another drug case in federal district court. Mr. Escamilla-Cazares signed a consent to search his apartment. The search revealed numerous documents, none in Mr. Escamilla-Cazares' name, and a triple beam scale. Mr. Escamilla-Cazares was taken to jail.

The next day, an officer from the Denver Police Department contacted Mr. Escamilla-Cazares at the jail and asked him if he wished to continue to cooperate. He said that he did, and, after receiving a Miranda warning, he signed a written waiver. Mr. Escamilla-Cazares identified the supplier of the cocaine, Mr. Castillo-Garcia, by photograph and agreed to make telephone calls to him to set up a meeting to pay for the cocaine and to obtain another kilogram of cocaine. Mr. Escamilla-Cazares called Mr. Castillo-Garcia several times and they made arrangements for Mr. Escamilla-Cazares to meet with a runner and pay for the kilogram of cocaine. When Mr. Escamilla-Cazares and the police officer arrived at the designated place for the drug transaction, Mr. Escamilla-Cazares got scared and declined to cooperate further. He continued, however, to receive pages from Mr. Castillo-Garcia. Mr. Castillo-Garcia was subsequently arrested and indicted, along with Mr. Escamilla-Cazares, for conspiracy to possess with intent to distribute cocaine. The charges against Mr. Castillo-Garcia were eventually dismissed.[1]

After Mr. Escamilla-Cazares pled guilty, sentencing proceedings commenced. The government objected to the probation department's recommendation that the safety valve apply. The district court twice continued

_____

[1]The charges were dismissed because the evidence leading to Mr. Castillo-Garcia's arrest was obtained, unbeknownst to the government, after Mr. Escamilla-Cazares had requested appointment of counsel.

sentencing to permit Mr. Escamilla-Cazares to fulfill all the requirements for application of the safety valve. A debriefing was held, following which the court conducted a sentencing hearing where the court concluded that Mr. Escamilla-Cazares failed to show he had met all the requirements for application of § 3553(f)'s safety valve. The court accordingly sentenced Mr. Escamilla-Cazares to the statutory mandatory minimum of 60 months.

## DISCUSSION

18 U.S.C. § 3553(f) was "enacted as a 'safety valve' to permit courts to sentence less culpable defendants to sentences under the guidelines, instead of imposing mandatory minimum sentences." United States v. Acosta-Olivas, 71 F.3d 375, 378 (10th Cir. 1995). To be eligible for application of the safety valve, a defendant must satisfy five requirements. The only disputed requirement in this case is the fifth one, which obligates a defendant:

> not later than the time of the sentencing hearing, . . . [to] truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(5); see also U.S.S.G. § 5C1.2(5). The defendant bears the burden of proving he meets the requirements of § 3553(f). United States v.

-4-

Myers, 106 F.3d 936, 941 (10th Cir.), cert. denied, 117 S. Ct. 2446 (1997). While we review de novo the district court's interpretation of the statute and the sentencing guidelines, we review for clear error the court's "application of the correct legal standard to a particular defendant." Acosta-Olivas, 71 F.3d at 378 n.3.

We have held that "[s]ection 5 is very broad, requiring disclosure of everything the defendant knows about his own actions and those who participated in the crime with him." Meyers, 106 F.3d at 941; see also Acosta-Olivas, 71 F.3d at 378-79. After carefully reviewing the entire record in this case, the district court concluded that Mr. Escamilla-Cazares "has provided a facially implausible account of the scope of his involvement in the offense and the plan or scheme surrounding this case, so that his involvement is one of not limited culpability, but integral culpability with cocaine—or with kilo level cocaine distributors." R. Vol. 8, Sentencing Tr. at 31-32. The court accordingly found that Mr. Escamilla-Cazares "has not truthfully told all he knows about this offense and the scheme or plan to distribute kilo quantity cocaine in the District of Colorado." Id. at 32. After also carefully reviewing the record in this case, we find no clear error in that conclusion.

**CONCLUSION**

For the foregoing reasons, the sentence of Mr. Escamilla-Cazares is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge