**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 21 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

PABLO VALDEZ,

  Defendant-Appellant.

No. 04-5009
(D.C. No. 03-CR-32-H)
(Northern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **McWILLIAMS**, Senior Circuit Judge, and **PORFILIO**, Senior Circuit Judge.[**]

---

On March 7, 2003, Pablo Valdez ("defendant") and Benito Castro were charged in a two-count indictment filed in the United States District Court for the Northern District of Oklahoma as follows: in Count 1 they were charged with conspiring from March 1 through March 3, 2003, with each other, and others, to possess and distribute five

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Neither party requested oral argument. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

kilograms, or more, of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846; and, in Count 2, Valdez, but not Castro, was charged with possession of five kilograms, or more, of cocaine on March 2, 2003, with an intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii). On July 2, 2003, the district court, on motion of the government, dismissed Count 1 of the indictment. (Jumping ahead, in its brief in this Court, the government states that it moved to dismiss Count 1 because the defendant in his various statements to the police had not been "truthful and complete," and that, because of that fact, it could not successfully prove a conspiracy.) Be that as it may, the defendant thereafter entered an unconditional plea of guilty to Count 2. There was no plea agreement. The case was then referred to the probation department for a presentence report. Defendant's guideline range, as initially set forth in the presentence report, was 97 to 121 months in prison. The statutory mandatory minimum sentence was 10 years. Prior to the sentencing hearing, defendant filed a motion for a downward departure under the so-called "safety valve" exception to a mandatory minimum sentence appearing in 18 U.S.C. § 3553(f). The government filed a motion in opposition thereto, contending that the requirements of 18 U.S.C. § 3553(f)(5) had not been met.

At the sentencing hearing, a government witness, one W. Sean Henry, a DEA agent, testified at length concerning his numerous conversations with the defendant. The defendant did not testify and called no witnesses in support of his motion for a downward departure. At the conclusion of the hearing, the district court denied defendant's motion

for a downward departure under the "safety valve" provision of the statute and sentenced defendant to 120 months imprisonment, to be followed by five years of supervised release and a $3,000.00 fine. Defendant appeals his sentence, contending that he met the requirements of 18 U.S.C. § 3553(f)(5) and was entitled to a downward departure which could have resulted in a sentence of less than 10 years.[1]

18 U.S.C. § 3553(f)(5) provides that, notwithstanding any other provision of law, the court should impose a sentence pursuant to the guidelines, without regard to any statutory minimum sentence, if the court finds at sentencing, after the government has been afforded the opportunity to make a recommendation, that:

> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government <u>all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan,</u> but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement. (Emphasis

---

[1]In this connection, we note that the initial guideline range was, as above stated, imprisonment for 97 to 121 months. Having determined that defendant had not met the requirements of 18 U.S.C. § 3553(f)(5), the adjusted guideline range was then at 120 (the statutorily mandated minimum sentence) to 121 months imprisonment. It was in this setting that the district court imposed a sentence of imprisonment for 120 months, the lower figure of the adjusted guideline range! In this general connection, we also note that in determining defendant's adjusted offense level, defendant was given a two level decrease of his base offense level for acceptance of responsibility, as permitted under U.S.S.G. § 3E1.1(a). However, he was not given an additional one level decrease as permitted by U.S.S.G. §3E1.1(b) because he had not been "completely truthful regarding details of the offense."

added.)[2]

Limited background facts will place the matter here in controversy in focus. On March 2, 2003, the defendant was stopped in Oklahoma by an Oklahoma state highway patrolman while driving from Arizona to Ohio. A search of his vehicle disclosed 6.9 kilograms of cocaine secreted in the gas tank. The defendant was interviewed by Henry, the DEA agent, and he advised Henry that he was taking the cocaine from Phoenix, Arizona, to Columbus, Ohio, for delivery to one Benito Castro and that Castro had helped him secrete the cocaine in the car's gas tank in Phoenix. It later developed that the defendant was going to deliver the cocaine to Castro in Cleveland, Ohio, not Columbus. In his conversations with Agent Henry, the defendant informed the agent about prior trips he had made wherein he delivered cocaine to Castro from various places and to various destination points. The defendant in these conversations gave Henry the names of other drivers he had recruited to make some of the deliveries, hotel reservations they had along the way, and the like. Henry thereafter was unable to confirm the information given him by the defendant concerning hotel reservations and flights by Castro in connection with those deliveries, nor the existence of three of the drivers named by the defendant. The one driver named by the defendant that Henry was able to locate, stated that he had never heard of Castro, and, although he had heard of the defendant, he had never worked for him or ever transported cocaine for either.

---

[2] U.S.S.G. §5C1.2(a)(5) and 18 U.S.C. §3553(f)(5) are identical.

As stated, after the government had dismissed Count 1 of the indictment (conspiracy), the defendant, without the benefit of any plea agreement, but represented by counsel, entered an unconditional plea of guilty to Count 2 (possession) under Fed. R. Crim. P. 11(1). Thereafter, defendant filed a motion labeled "Motion for a Downward Departure" under 18 U.S.C. § 3553(f). As already indicated, after hearing, the district court denied that motion, and the defendant, in this appeal, argues that the district court in so doing erred and that his motion should have been granted. Thus, counsel frames the one issue raised in this appeal as follows:

> Whether the district court erred in denying application of the Safety Valve based on the finding that the defendant failed to adequately disclose information regarding crimes other than the offense of conviction.

As we understand it, counsel for both the government and the defendant agree that defendant's statements to Henry, the DEA agent, concerning the events occurring during defendant's trip from Arizona to Ohio when he was stopped in Oklahoma on March 2, 2003, and cocaine was found secreted in his gas tank, were "truthful and complete."[3] Both counsel also apparently agree that the statements made by defendant to Henry concerning other offenses committed by himself and Castro, and others, were not fully "truthful and complete" in the sense that defendant's statements relative to the other offenses "could

---

[3]Counsel attaches no particular significance to the fact that the defendant told Henry that his destination where he was to meet with Castro was Columbus, Ohio, when, in fact, it was Cleveland, Ohio.

not be verified or did not pan out."

It is the position of defendant's counsel that the defendant has met the requirements of 18 U.S.C. § 3553(f)(5) if he gives the authorities "truthful and complete" statements concerning the crime with which he was charged and convicted, "possession" in his case, and that the fact that his statements relating to other participants and other offenses may not have not been fully "truthful and complete," since they did not "pan out," does not defeat his claim for a safety valve downward departure. The government's position in this matter is that 18 U.S.C. § 3553(f)(5) requires that a defendant must give "truthful and complete" statements concerning any and all "offenses that were part of the same course of conduct or of a common scheme or plan," which includes evidence about other participants.

In support of his position, counsel for the defendant in this Court relies entirely on language appearing in *United States v. Acosta-Olivas,* 71 F.3d 375 (10th Cir. 1995). It is true that in our opinion at page 378 we spoke as follows:

> Thus, the guidelines appear to require disclosure of "all information" concerning the offense of conviction and the acts of others if the offense of conviction is conspiracy or other joint activity." (Emphasis added.)

Based on the foregoing language, counsel argues that the fact that the defendant in this case was not convicted of "conspiracy" (that charge was dismissed) and pled guilty to only "possession" renders any untruthful and incorrect statements he may have given Henry regarding so-called "other offenses" harmless. We think counsel overreads *Acosta-*

- 6 -

*Olivas*.  In that case, we also stated 18 U.S.C. § 3553(f)(5) requires "the disclosure of 'all information and evidence' . . . concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. . . .  The phrase 'all information and evidence' is obviously broad." *Id.*  We went on to hold that the district court in that case "erred in interpreting §3553(f)(5) to require a defendant to reveal only information regarding his own involvement in the crime [and] not information he has relating to other participants." *Id.* at 379.

Cases decided after *Acosta-Olivas* support our determination that the district court in our case did not err in holding that the defendant had not sustained his burden to show that he met the requirements of 18 U.S.C. §3553(f)(5).  *See United States v. Salazar-Samaniega,* 361 F.3d 1271, 1276-77 (10th Cir. 2004) (defendant convicted of possession of cocaine with an intent to distribute was not entitled to a safety valve reduction because the information he provided the government about the cocaine distribution scheme was incomplete or contradictory); *United States v. Roman-Zarate,* 115 F.3d 778, 784 (10th Cir. 1997) (where agents testified at sentencing that the defendant had failed to fully disclose particular details of drug operations and that they believed he had lied or been purposely evasive, the defendant, convicted of possession with an intent to distribute, was ineligible for a sentencing reduction under 18 U.S.C. §3553(f); and even though he had told the agents all he knew about his own actions, had refused to provide information such as names of buyers and others connected to the operation and hence had not met the broad

disclosure requirement of 18 U.S.C. §3553(f)(5)); and *United States v. Myers,* 106 F.3d 936, 941 (10th Cir. 1997) (defendant pled guilty to possession of marijuana with an intent to distribute and told agents all he knew about his own activities, but refused to provide information such as names of buyers and others connected to the operation, did not satisfy the broad disclosure requirement of 18 U.S.C. §3553(f)(5)).[4]

A district court's conclusion regarding whether a defendant is eligible for relief under 18 U.S.C. § 3553(f) is reviewed for clear error. *Roman-Zarate,* 115 F.3d at 784. However, a district court's interpretation of the safety valve and the sentencing guidelines is reviewed *de novo. Acosta-Olivas,* 71 F.3d at 378. Under the authorities above cited, we are in accord with the district court's "conclusion" that defendant was not eligible for relief under 18 U.S.C. § 3553(f) and its "interpretation" of the safety valve provision and the guidelines.

---

[4]See also our unpublished order and judgment *United States v. Escamilla-Cazares*, 149 F.3d 1193, 1998 WL 255040 (10th Cir. May 15, 1998). The facts of that case are somewhat similar to the facts in the instant case. In *Escamilla-Cazares,* as in the instant case, the defendant was adjudged guilty of "possession," and not "conspiracy," as was the case in *Ascota-Olivas.* At sentencing, the district court denied the defendant's motion for a downward departure under 18 U.S.C. § 3553(f)(5). On appeal, we affirmed, stating that subsection 5 is "very broad" and that the defendant had not sustained his burden of proving that he met the requirements thereof and that his account of the scope of his involvement in the offense and the plan or scheme surrounding the case as it involved others was "facially implausible." We note that the author of the *Escamilla-Cazares* order and judgment was also the authoring judge in *Acosta-Olivas.*

Judgment affirmed.

ENTERED FOR THE COURT,

Robert H. McWilliams
Senior Circuit Judge